## THOMPSON vs. GIBSON.

APPEAL from the court of the eighth district.

An endorsee without notice is not affected by any equity between the original parties.

MARTIN, J. delivered the opinion of the court. The plaintiff brought this suit, as endorsee of the defendant's note given to S. Thomas.

The defendant pleaded that the amount of the note was attached in his hands in the

case of *Layton* vs. *Thomas*, and that the note was given as part payment of the price of a house and lot purchased from Thomas, which he warranted free from all incumbrances, although the premises stood at the time mortgaged to Packwood & Price, and to J. Gustavus, of all which the plaintiff had notice : further, that the plaintiff renewed the note, on which the suit is brought after its maturity.

The plaintiff had judgment, but the execution was directed to be staid till after the mortgages were raised. He appealed.

The defendant introduced the mortgages to Packwood & Price, and J. Gustavus. It was admitted that the mortgaged premises included the lot and house, for the price of which the note sued upon was given.

The execution and endorsements of the note were admitted.

The note was executed on the 16th of November 1818, and the last endorsement bears date of the 24th of June 1819. It is therefore clear that the plaintiff renewed it before maturity : it being payable twelve months after date.

No parol evidence comes up with the record and the statement of facts, presents no-

thing that will warrant a conclusion that the plaintiff had any notice of the equity which is endeavoured to be set up.

Nothing supports the plea of an attachment.

It results that the plaintiff is a *bona fide* endorsee in proper time and without notice ; the defendant although he might avail himself of the defence made, were the note in the hands of its original payee, must fail as the note is now in the hands of an endorsee.

This point was determined by this court in the case of *Hubbard & al.* vs. *Fulton's heirs.* 7 *Martin,* 241.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and this court proceeding to give such a judgment as in their opinion ought to have been given below ; it is further ordered, adjudged and decreed, that the plaintiff recover the amount of the note *i. e.* five hundred dollars, with interest at five per cent from the legal demand, and costs in both courts. And it is further decreed that the mortgaged premises, mentioned in the plaintiff's petition, be seized

and sold to satisfy the judgment now render-ed.

*Hoffman*, for the plaintiff, *Preston*, for the defendant